**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

In re:   Justin Lehocky,                                                                 Chapter 13
                                                                                                        Case No. 10-1

                                          ss: 6802

_____

**CHAPTER 13 PLAN AND RELATED MOTIONS TO SET INTEREST RATES ON SECURED COLLATERAL, VALUE COLLATERAL, AVOID LIENS, AND ASSUME OR REJECT UNEXPIRED LEASES AND EXECUTORY CONTRACTS**

**YOUR RIGHTS WILL BE AFFECTED.**   You should read these papers carefully and discuss them with your attorney if you have one.  Anyone who wishes to oppose any provision of this Plan or the included motion to set interest rates on secured collateral, value collateral, avoid liens,  or assume or reject unexpired leases or executory contracts MUST file a timely written objection. **This Plan may be confirmed and become binding, and the included motion may be granted, without further notice or hearing unless a written objection is filed before the deadline in the notice that was mailed by the Court or that accompanies this Plan.**

**ALL CREDITORS MUST FILE A TIMELY PROOF OF CLAIM IN ORDER TO RECEIVE PAYMENTS FROM THE TRUSTEE EVEN IF THE DEBT IS SPECIFICALLY LISTED IN THE PLAN!**

**1.    PAYMENT AND LENGTH OF PLAN.**   Debtor shall pay Six Hundred Five (605) Dollars a month the (60) months of this plan to the Chapter 13 Trustee.  The total amount to be paid to the Trustee shall be not less than $36,300. Other payments to the Trustee shall be as follows: None

_____
_____

**2.    DEBTOR'S ATTORNEY'S FEES.**    Richard Croak, as debtor's attorney, shall be paid, $3,000 which shall be paid inside the Chapter 13 Plan and $500 which shall be paid directly by the Debtor.  Debtor's Attorney's Fees shall be paid prior to payment under the Plan of any other class of creditor with the exception of payments to secured creditors receiving the payoff amount of their secured claim inside the Plan plus interest or as otherwise set forth below.

**3.    SECURED CLAIMS.**

**A.    Collateral to be retained with arrears to be paid inside the Plan.**    Debtor moves to pay allowed secured claims the arrearage amount as stated below.  Debtor to continue to make ongoing monthly payments for all future payments to these creditors as they become due, directly to the creditors, outside the Plan.    **CREDITORS TO SEND CUSTOMARY PAYMENT COUPONS, STATEMENTS, AND NOTICE TO THE PARTIES WHO WILL BE MAKING ONGOING PAYMENTS DURING THE TERM OF THE PLAN.**    The

amount to be paid to these creditors is the arrearage amount listed below **unless the secured creditor timely files a proof of claim with the Court setting forth a different amount for the arrearage amount.**

| Creditor | Collateral | Estimated Claim | Interest Rate |
|---|---|---|---|
| None | | | |

**B.     Collateral to be retained with the payoff amount of the claim to be paid inside the Plan plus an interest rate factor as set forth below.**   The Trustee on a pro rata basis, shall pay allowed secured claims the payoff amount listed below, plus interest at the rate stated in the Plan both prior to the Confirmation of this case as a form of Adequate Protection and after the date of Confirmation of the case.   The amount to be paid to secured creditors is the amount listed as the payoff amount unless the secured creditors timely filed a proof of claim with the Court setting forth a different amount for the payoff amount.

| Creditor | Collateral | Estimated Claim | Interest Rate |
|---|---|---|---|
| SEFCU | 2006 Seadoo Jet Ski | $6,335 | 6% |

Pre-confirmation adequate protection Payment:     $63.35
Post confirmation plan Payment                              $105.58

**C.     Collateral to be retained with value to be paid inside the Plan.**    The Trustee on a pro rata basis, shall pay allowed secured claims at the value listed below or the amount of the claim, whichever is less, with interest at the rate stated in the Plan with payments to be made by the Trustee in the form of Adequate Protection prior to the date of Confirmation of the Plan and after the date of Confirmation of the Plan.   The excess of the creditor's claim over the stated value shall be treated as an unsecured claim.    **Unless a written objection to the value stated below is timely filed with the Court, the Court in accordance with 11 U.S.C. section 503(a) and L.B.R. 3015-2 may determine that the collateral is worth the value stated.**   If a timely objection is filed, the value will be determined by the Court at the Confirmation hearing.

| Creditor | Collateral | Estimated Claim | Interest Rate |
|---|---|---|---|
| GEMB | Snowmobile and Trailer | $5,050 | 6% |

Pre-confirmation adequate protection Payment:     $50.50
Post confirmation plan Payment                              $97.63

**D.     Collateral to be surrendered.**    Debtor surrenders his or her interest in the following collateral in full satisfaction of the creditor's allowed claim.

| Creditor | Collateral to be Surrendered |
|---|---|

HSBC            ATV

**4.    PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES, TAXES, DOMESTIC SUPPORT OBLIGATIONS, AND OTHER DEBTS NOT DISCHARGEABLE IN A CHAPTER 7 CASE).**    The Trustee shall pay all allowed priority claims in full in the amount listed on the creditor's proof of claim unless the creditor agrees in writing otherwise:

| Creditor | Estimated Claim | Type of Priority |
|---|---|---|
| None | | |

**5.    REAL PROPERTY TAX CLAIMS.**   The Trustee shall pay all allowed real property tax claims in full plus interest at the applicable state or local law rate of interest as set forth below:

| Creditor | Estimated Claim | State or Local Law Interest Rate |
|---|---|---|
| None | | |

**6.    UNSECURED CLAIMS.**

**A.    Not separately classified.**    Unsecured creditors with claims not entitled to priority under the United States Bankruptcy Code will receive in deferred cash payments from the Trustee a minimum of 22% of their allowed claims.

**B.    Separately classified unsecured claims:**

| Creditor | Basis for Classification | Treatment | Amount of Claim |
|---|---|---|---|
| SEFCU | Co-signed claim | 100% | $1,967.00 |

**7.    STUDENT LOAN CLAIMS.**    Student loan creditor claims will be separately treated as either as being paid inside the Plan or as a long term debt being paid outside of the Plan, directly to the creditor, as follows:

| Creditor | Treatment | Amount |
|---|---|---|
| Granite State | 100% | $9,926 |

8.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**.    All executory contracts and unexpired leases disclosed in Schedule G are deemed rejected, except for the following, which are assumed.  Unless otherwise stated, the Debtor shall make regular contract/lease payments and the Trustee shall make payments to cure pre-petition defaults if any.
    **CREDITORS TO SEND CUSTOMARY PAYMENT COUPONS, STATEMENTS, AND NOTICE TO THE PARTIES WHO WILL BE MAKING ONGOING PAYMENTS DURING THE TERM OF THE PLAN.**

| Creditor | Collateral | Cure Amount |
|---|---|---|
| None | | |

**9.    LIEN RETENTION.**   Secured creditors as provide for in Sections 3 and 5 of this Plan shall retain their liens and be paid as indicated therein.   Upon completion of all payments due to that creditor on the secured debt under the terms of the Plan, said creditors shall release their liens.

**10.    VESTING OF PROPERTY OF THE ESTATE.**    All property of the Estate as provided for in Sections 3 and 5 of this Plan shall remain property of the Estate under this Court's jurisdiction until the Plan has been completed.

**11.    OTHER PROVISIONS OF THIS PLAN:** None

Dated: January 28, 2010

/s/ Justin Lehocky

_____

Justin Lehocky